Filed 12/17/15  P. v. Bowers CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | C078279 |
| Plaintiff and Respondent, | (Super. Ct. Nos. MC YK CR F 14-006, MC YK CR F 14-1148) |
| v. | |
| DAVID O'DELL BOWERS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant David O'Dell Bowers has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We find no errors that would result in a more favorable outcome to defendant and shall affirm the judgment.

**BACKGROUND**

**Case No. 14-006:**  In January 2014, defendant pleaded guilty to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and admitted he had served

1

three prior prison terms (Pen. Code, § 667.5, subd. (b)).[1]  In accordance with the plea, the trial court sentenced defendant to a term of six years in prison, execution suspended, and placed defendant on three years of probation.

**Case No. 14-1148:**  The 14-year-old victim was volunteering at the race track collecting tickets at the front gate.  She was chewing gum and another person asked her to blow a bubble.  Defendant then grabbed her by the neck and pulled her head down toward his genital area and said something like, "[O]h yea you can blow a bubble."  A felony complaint charged defendant with committing a lewd act on a child of 14 who was at least 10 years younger than himself.  (§ 288, subd. (c)(1).)  The complaint also alleged he had served the same three prior prison terms as he had admitted in the previous case.  (§ 667.5, subd. (b).)  Defendant pleaded no contest to committing a lewd act; although he agreed to also admit one prior prison term as part of his plea, he did not actually admit the prior as part of his plea, because he was never asked to do so by the trial court.  Based on the plea to committing the lewd act, the trial court found defendant had violated his probation in case No. 14-006.

Prior to sentencing, defendant moved to withdraw his plea in case No. 14-1148 and to recall his sentence in case No. 14-006 and be resentenced as a misdemeanant under Proposition 47.  The trial court denied the motion to withdraw the plea.  Defendant's prior conviction of a sex offense subject to registration barred him from relief under Proposition 47; accordingly, the trial court also denied the motion to recall and reduce defendant's sentence in case No. 14-006.

The trial court lifted the stay on the previously suspended sentence of six years in case No. 14-006, and imposed a consecutive eight-month term in case No. 14-1148, for a total term of six years eight months.  (The court did not impose sentence on the prison

---

[1]  Further undesignated statutory references are to the Penal Code.

prior which defendant agreed to admit but was not asked to admit in case No. 14-1148, because it had already been admitted and sentenced in case No. 14-006.) The court awarded defendant 296 days of presentence custody credit and imposed various fees and fines, in addition to ordering restitution to the multiple victims. Defendant did not obtain a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


       /s/                    
Duarte, J.

We concur:


     /s/                
Hull, Acting P. J.


     /s/                
Hoch, J.